NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SYLVIA FERRARA, | No. 22-55766 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-03421-PSG-KS |
| v. | |
| ALEJANDRO N. MAYORKAS, Secretary, United States Department of Homeland Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted April 8, 2024
Pasadena, California

Before: SILER,** GOULD, and BEA, Circuit Judges.

Sylvia Ferrara, a former employee of the Transportation Security

Administration (TSA), appeals a grant of summary judgment for Alejandro

Mayorkas, Secretary of the United States Department of Homeland Security

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

(henceforth "TSA") as to Ferrara's retaliation claim brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–3(a). We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

1. We review a district court's grant of summary judgment *de novo*. *Dawson v. Entek Int'l*, 630 F.3d 928, 934 (9th Cir. 2011). We view the evidence in the light most favorable to the nonmoving party. *Id.* "Summary judgment is warranted when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Maner v. Dignity Health*, 9 F.4th 1114, 1119 (9th Cir. 2021) (internal quotation marks and citations omitted).

We apply the three-stage burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to assess Title VII retaliation claims. *Dawson*, 630 F.3d at 936. First, the plaintiff-employee Ferrara must establish a *prima facie* case of retaliation by showing: (1) that she engaged in a protected activity; (2) that she was subject to an adverse employment action; and (3) that there was a causal connection between the two. *Id.* Second, the defendant-employer TSA must "offer evidence that the challenged action was taken for legitimate, non-discriminatory reasons." *Id.* Third, Ferrara must prove that TSA's explanation is merely a pretext for unlawful retaliation. *Id.*

2. Ferrara has established a *prima facie* case of retaliation. To establish a *prima facie* case of retaliation at the summary judgment stage, the standard of proof

2

required is "minimal and does not even need to rise to the level of a preponderance of the evidence." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (quoting *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir. 1994)). Ferrara's filing of her EEOC complaint is a protected activity. *Poland v. Chertoff*, 494 F.3d 1174, 1180 (9th Cir. 2007). TSA concedes that it subjected Ferrara to at least two adverse employment actions: (1) Ferrara's effective removal from TSA on June 18, 2013; and (2) Ferrara's termination from TSA on July 11, 2013.[1] Because the TSA employee who rendered these adverse employment actions knew that Ferrara had settled her EEOC complaint, we can infer causation from the "proximity in time between the protected action and the allegedly retaliatory employment decision." *Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003) (quoting *Ray v. Henderson*, 217 F.3d 1234,1244 (9th Cir. 2000)). We can consider the date of the EEOC settlement, March 29, 2013, to assess such temporal proximity. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 731–32 (9th Cir. 1986). Here, the approximately three-month period between Ferrara's settling her EEOC complaint and the adverse employment actions she experienced is sufficiently proximate for a jury to infer causation. *See e.g., id.*; *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th

---

[1] Because we have already determined that there were adverse employment actions in Ferrara's termination, we need not decide whether the district court correctly determined that there were two additional adverse employment actions.

Cir. 1987).

3. Ferrara has established a genuine issue of material fact as to pretext.[2] Because "an employer's true motivations are particularly difficult to ascertain," summary judgment on the merits is ordinarily inappropriate once a *prima facie* case has been established. *Miller*, 797 F.2d at 732–33 (citing *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 716 (1983)). In cases involving a gap of a few months between a protected activity and an adverse employment action, we have reversed a grant of summary judgment where there was additional evidence beyond temporal proximity to support an issue of fact on pretext. *See id.* at 732; *Strother v. S. Cal. Permanente Med. Grp.*, 79 F.3d 859, 870–71 (9th Cir. 1996).

Here, Ferrara has established a genuine issue of material fact whether Dedric Scott is a similarly situated comparator. When two employees are similarly situated but only one of them engages in protected activity, the fact that the employee who engaged in protected activity was treated less favorably is probative of pretext. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). "[I]ndividuals are similarly situated when they have similar jobs and display similar conduct." *Id.* Ferrara and Scott were both subject to TSA policy requiring all employees to

---

[2] Ferrara concedes that TSA's explanations for its adverse employment actions are legitimate and nondiscriminatory.

4

safeguard sensitive security information.[3]  And a reasonable juror could infer that just as Ferrara failed to secure the binder containing sensitive security information, Scott lost the same binder because he was the last employee seen with the binder before it was lost or stolen.  Scott, who did not file or settle an EEOC complaint, was treated more favorably than Ferrara because he received no discipline after TSA discovered that the binder was lost or stolen.  A reasonable juror could infer that TSA treated Scott more favorably because he, unlike Ferrara, did not file or settle an EEOC complaint.

That Ferrara was subject to a Last Chance Agreement (LCA) is immaterial. The LCA affected only the *consequences* of being disciplined, not whether an employee should be disciplined in the first place.  *Leong v. Potter*, 347 F.3d 1117 (9th Cir. 2003) is distinguishable.  In *Leong*, the plaintiff argued that employees who had engaged in similar conduct were treated more favorably because unlike him,

---

[3] According to her LCA, Ferrara agreed not to engage in misconduct, which "includes violating any provision of TSA Management Directive No. 1100.73-5." TSA Management Directive No. 1100.73-5 applies to "all TSA employees," and requires "Safeguarding and handling appropriately all classified information." When asked at oral argument whether Scott had a duty to secure the binder, counsel for TSA stated that TSA policy provides that sensitive security information must be secured.  Because Ferrara and Scott were subject to the same TSA policy, the mere fact that Ferrara was a Transportation Security Manager while Scott was a Supervisory Transportation Security Officer is inconsequential for purposes of summary judgment.  Whether any difference in job titles or conduct is material is a question of fact for the jury. *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1114–16 (9th Cir. 2011).

they were not terminated. *Id.* at 1124. We concluded that these employees were not similarly situated comparators because unlike plaintiff, these employees were not subject to an LCA, which affected the severity of the consequences for a violation of the employer's policies. *See id.* at 1121, 1124. In contrast, Ferrara argues that Scott was treated more favorably because Scott was not disciplined in the first place. Because nothing in the LCA makes Ferrara more susceptible than Scott to being disciplined for a violation of TSA policy, a reasonable juror could find that both Ferrara and Scott should have been subject to discipline, even if the ultimate result was that Ferrara was terminated while Scott was not. A reasonable juror could conclude that Scott was treated more favorably not because Ferrara was subject to an LCA, but because of TSA's retaliatory motive.

**REVERSED and REMANDED.**